**MICHAEL FRANELL**
**ATTORNEY AT LAW**
**724 S. CENTRAL AVENUE, STE 113**
**MEDFORD, OREGON 97501**
**P: 541-646-4111; F 541-646-4112**
**MIKE@FRANELLLAW.COM**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | |
|---|---|
| DON RICARD, MATTHEW PUSATERI, and GARY HOWARD, individuals<br><br>    Plaintiffs<br><br>    v.<br><br>SARAH R. HILL; DENNIS GIBBS; AMANDA GRAHAM; EARL PERRY; CHRIS KABER on behalf of UNNAMED KLAMAH COUNTY SHERIFF'S DEPUTIES; all are individuals employed by KLAMATH COUNTY, OREGON<br>    Defendants | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT AND THE AMERICANS WITH DISABILITIES ACT** |

Plaintiff alleges as follows:

This is a case in which officials working for Klamath County, Oregon, have participated in and conspired with the Board of Directors of the Klamath Falls Forest Estates Unit #1 ('KFFE') Home Owners Association ("KFFEHOA") to discriminate against Plaintiffs because Plaintiffs are disabled land owners, owning land within the KFFE boundaries. Each of the Plaintiffs purchased their property within the boundaries of the KFFE in order to place residences on their property. Each of the Plaintiffs are disabled. The area does not have easy access to water and so the KFFEHOA was formed which owns two community wells. Water

COMPLAINT

Page 1

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

was to be available to property owners within the KFFEHOA boundaries. However, the KFFEHOA board has discriminated against persons based upon their disabilities. A separate lawsuit against the KFFEHOA has been filed.

Persons related to the KFFEHOA board members are also Klamath County employees. The KFFEHOA board has encouraged county officials to also discriminate against disabled individuals within the KFFE boundaries who are trying to establish residences on properties owned there. County officials have been using the color of law to discriminate against disabled individuals owning land within the KFFE boundaries.

**Jurisdiction and Venue**

1. This court has jurisdiction over this matter pursuant to 28 USC § 1331.
2. Venue is properly in the District of Oregon as Plaintiffs were at all material times hereto residents of Oregon. Defendants, at all times material hereto were officers or agents exercising authority under color of law through Klamath County, Oregon. Therefore, pursuant to 28 U.S.C. §1391 a substantial part of the causes of action occurred in Klamath County, Oregon.
3. Plaintiff has, pursuant to Oregon Statutory requirements, made a demand on Defendant, which demand was mailed September 9, 2019.
4. Defendants have discriminated against Plaintiffs in violation of 42 USC §12132.

**Facts**

5. Plaintiff, Don Ricard, is an individual who resides in Klamath County, Oregon.
6. Plaintiff, Matthew Puseteri, is an individual who resides in Klamath County, Oregon.
7. Plaintiff, Gary Howard, is an individual who resides in Klamath County, Oregon.
8. Defendant is Sarah Hill, is a code enforcement officer, employed by Klamath County, Oregon.

COMPLAINT

Page 2

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

9. Defendant, Dennis Gibbs, was a director of the Klamath County Forest Estates Unit #1, Road District, a subdivision of Klamath County governmental unit.

10. Defendant, Amanda Graham, is a code enforcement officer working for Klamath County, Oregon.

11. Defendant, Earl Perry, is a code enforcement officer working for Klamath County, Oregon.

12. Defendant, Chris Kaber, is the Klamath County Sheriff. He is the one who is ultimately in charge of the actions of the Department. The Department as a whole has elected not to investigate or enforce complaints of people shooting at or across properties owned by the Plaintiffs.

**Plaintiff's First Claim for Relief**
**(Discrimination in Violation of 42 USC §12132)**

13. Plaintiff, Don Ricard, purchased property within the KFFE boundaries in 2016. He planned on retiring on the land that he purchased. After he purchased the land, he moved a recreational vehicle travel trailer onto the land and began to clear the land in preparation to construct a mountain cabin on the property. He applied for and received a permit to locate a septic system on the property.

14. KFFEHOA was formed after the old organization, the Klamath Recreation Association was disbanded. KFFEHOA had a primary purpose to maintain a community well for the provision of water to owners of property within the KFFE boundary.

15. KFFEHOA has discriminated against individuals who have purchased property within the KFFE boundary by discouraging development of their property and denying access to the community well for the provision of water.

COMPLAINT

Page 3

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

16. Defendants have conspired and colluded with the KFFEHOA board members to discriminate against disabled individuals owning property within the KFFE borders. For instance, one month after Plaintiff, Don Ricard, purchased a septic system permit to install a septic system on his property, he was cited by Defendant Sarah R. Hill for illegal discharge of sewage waste. This was so, in spite of the fact that Mr. Ricard never discharged any sewage waste onto his property. Rather, he collected all sewage waste into a DEQ approved container and would take the container to an RV sewage disposal site to empty the tank.

17. This action on the part of Sarah R. Hill, was discriminatory and intended to drive Mr. Ricard off of his own property. Mr. Ricard had complained that his neighbor, Cynthia Wilson, had purchased a house that did not have any septic system available and she and her family were living in the house without installing any approved waste disposal system. Yet, Cynthia Wilson was a member of the KFFEHOA board and because of that, Sarah R. Hill never addressed Cynthia Wilson for illegal sewage discharge.

18. Mr. Ricard has been damaged in that he was forced to leave his RV trailer and his property and leave the state, which he did on June 4, 2019. He has stayed out of state ever since. Yet, he was cited by Defendant Hill, a second time on October 8, 2019, which citation was mailed October 11, 2019, the same day, Mr. Ricard received notice that his lawsuit was moving forward against KFFEHOA. Mr. Ricard was cited for illegal discharge and subjected to a potential fine of over $1,400 for a violation that he could not have committed.

19. Sarah R. Hill has used the color of law to force Mr. Ricard to leave his real property and has caused him damages. He has suffered discrimination, humiliation, embarrassment,

COMPLAINT

Page 4

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

loss of use of his property and other damages. He has had to pay the costs to reside out of state pending resolution of this issue.

20. In another instance, in 2018 the pump house at the community well was vandalized and a $100 card reader was stolen. The KFFEHOA board complained to the Sheriff's department and the Sheriff's department almost immediately sent out a deputy to question Plaintiffs about the vandalism.

21. Mr. Ricard was also discriminated against in that neighbors would target him and his property using green lasers. He complained to the Klamath Sheriff's department of the targeting and his neighbors shooting over and across his property. In spite of his complaints, the Sheriff's department has taken no enforcement actions against Mr. Ricard's neighbors. At this same, time, the Sheriff's department will come out to the area to investigate a complaint by the KFFEHOA board for a $100 theft.

22. Mr. Ricard has feared for his life as one of his neighbors was murdered after Mr. Ricard moved into the area and Mr. Ricard has suffered severe emotional distress because of the threats from the KFFEHOA board and because the county will not enforce illegal activity committed by the KFFEHOA board.

23. Mr. Ricard has had to seek counseling to deal with his mental and emotional distress. County officials have failed to address the illegal activities of his neighbors, while targeting Mr. Ricard for violations that he has not committed. The county officials are discriminating against Mr. Ricard on the basis of his disability.

24. Mr. Ricard is entitled to receive economic and noneconomic damages to be proved at trial.

COMPLAINT

Page 5

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

25. Mr. Ricard is entitled to his costs, disbursements and reasonable attorney fees under 29 U.S.C. §794a.

26. Plaintiff, Matthew Pusateri, purchased his property in the KFFE boundary in *. Mr. Pusateri is on Social Security disability. After he purchased his property, he went and obtained appropriate permits to develop his property. However, the KFFEHOA board did not want him to develop his property and encouraged people in the area to shoot guns at his house and across his property.

27. Mr. Pusateri, filed complaints with the Sheriff's department concerning neighbors shooting his house and across his property, however, the Sheriff's department did not do any investigation to determine who the guilty parties were. Mr. Pusateri has suffered severe emotional distress as he fears for he and his son's safety. He has tried to sell his property, but he can get nowhere near what he has put into the property.

28. As Mr. Pusateri began to assert his rights as a resident in the KFFE boundary, the discrimination increased. He was cited for illegal camping by Earl Perry in November 2017 and went to a hearing on November 21, 2017, at which Mr. Perry testified against him and he was convicted.

29. Mr. Pusateri has filed formal complaints against members of the KFFEHOA board for the same things for which he was convicted – illegal camping; illegal discharge of sewage, etc. However, to date, the County officials have not taken any actions against members of the KFFEHOA board.

30. Earl Perry discriminated against Mr. Pusateri because he is disabled, causing Mr. Pusateri significant economic harm and emotional distress, embarrassment, humiliation and fear

COMPLAINT

Page 6

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

for he and his son's safety. Mr. Pusateri will prove his economic harm at trial and his noneconomic harm as well.

31. Mr. Pusateri is entitled to receive economic and noneconomic damages to be proved at trial.

32. Mr. Pusateri is entitled to his costs, disbursements and reasonable attorney fees under 29 U.S.C. §794a.

33. Plaintiff, Gary Howard, purchased a property in the KFFE boundaries more than 12 years ago. His property is grandfathered in prior to the implementation of the statewide land use planning. During his first 9 years, he received a water key to be able to obtain water from the community well. However, approximately two years ago, after he had discussions with KFFEHOA board member, Sam Marquez, concerning his disability, the KFFEHOA board took Mr. Howard's water key away from him. Their actions were discriminatory because of Mr. Howard's disability.

34. Shortly thereafter, neighbors in the area began shooting across his property and at his house. He estimates there were more than 1500 rounds of ammunition used on a particular day. He called and complained to the Sheriff's department about the neighbors shooting at his property. He indicated that he had received four bullet holes in his door. The Sheriff's department did not even send anyone out. They told him to shoot back if it was that bad. The Sheriff's department's actions were discriminatory in that they would investigate $100 theft at the request of the KFFEHOA Board, but they would refuse to investigate shots being fired when the complaint was filed by a disabled individual.

35. Mr. Howard has suffered damages, including bullets in his house, severe emotional distress, fear for his life, humiliation and embarrassment.

COMPLAINT

Page 7

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com

36. Mr. Howard is entitled to receive his damages, economic and uneconomic to be proved at trial.

37. Mr. Howard is entitled to receive his costs, disbursements and reasonable attorney fees under 29 U.S.C. §794a.

WHEREFORE, Plaintiffs pray the court

1. Award Plaintiffs both economic and noneconomic damages in an amount of $1,000,000 each.
2. Award Plaintiffs' costs and disbursements.
3. Award Plaintiff reasonable attorney fees.
4. Award Plaintiff such other relief as the court in its discretion determines to be just.

Respectfully Submitted this 20th day of November, 2019

/s/ Michael W. Franell

_____
Michael W. Franell, OSB #902680
Attorney for the Plaintiffs
724 S. Central Ave., Ste 113
Medford, OR  97501
P 541-646-4111; F 541-646-4112
Mike@FranellLaw.com

COMPLAINT

Page 8

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 1
Medford, OR 97501-7808
P: (541) 646-4111 · F: (541) 646-4112
Mike@FranellLaw.com